```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA

       CASE NO. 08-60823-MC-SEITZ/O'SULLIVAN
```

APRIL MOTTAHEDEH,

    Petitioner,

vs.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
and, CHRISTIANE THAI, Revenue
Agent, IRS,

    Respondents.
_____/

## RESPONDENT'S RESPONSE TO PETITION TO QUASH SUMMONSES

The Respondent, United States of America,[1] through the undersigned Assistant United States Attorney, hereby responds to the petition to quash and seeks an order of enforcement of the third party summons. The Respondent states:

## STATEMENT OF FACTS

Revenue Agent Christiane Thai is conducting an investigation with respect to the federal income tax liability of Petitioner for the taxable years 2001 through 2006. (Exh. 1 Declaration, Paragraph 2). As part of her investigation, the Revenue Agent sent by certified mail a third party summonses to Eastern Financial Florida Credit Union (Exh. 2). On May 12, 2008, notice of the

---

[1] The United States, and not the individual revenue agent nor the Internal Revenue Service, is the proper respondent in an action to quash a third party summons. See Blackmar v. Guerre, 342 U.S. 512 (1952); Gwinn v. United States, 2007 U.S. Dist. Lexis 88801 (M.D. Fla. 2007).

summons was mailed to Petitioner. (Exh. 1, Paragraph 5).

On June 2, 2008, the Petitioner filed a Petition to Quash the Internal Revenue Service's (Service) third-party summons served upon Eastern Financial Florida Credit Union in the United District Court for the Southern District of Florida.

The documents sought were not already in the possession of the Service at the time the summons was issued. All administrative steps required by the Internal Revenue Service for issuance of the summons have been taken. A Justice Department referral is not in effect with respect to April Mottahedeh for the period under investigation. (Exh. 1, Paragraphs 6, 9).

## **MEMORANDUM**

## **SUMMONS MEETS REQUIREMENTS OF LAW**

Petitioner argues in her Petition to Quash that the Service is: (1) restricting the First Amendment rights of her husband (Peymon Mottahedeh); (2) abusing its summons powers; (3) in violation of 26 U.S.C. § 6065 because the summons did not contain a written declaration; (4) in violation of 26 U.S.C. § 7603(a) because the summons is not attested; and (5) in violation of 12 U.S.C. §§ 3403 and 3405 (The Right to Financial Privacy Act).

However, under I.R.C. §7602(a) the Service may summons records and testimony for the purpose of ascertaining the accuracy of the tax return or for determining the liability of any person for any internal revenue tax. See, 26 U.S.C. §7602(a). Specifically, the

statute authorizes the Secretary or his delegate to do the following:

1. to examine any books, papers, records, or other data which may be relevant or material to such inquiry;

2. to summon the person liable for tax or required to perform the act, or any other officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

3. to take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

In order to obtain judicial enforcement of an administrative summons, the government must establish that:

1. the investigation is being conducted for a legitimate purpose;

2. the information and records requested are relevant to the investigation;

3. the information and records are not already in the Service's possession;

4. and the Service has complied with all procedures set forth in the Internal Revenue Code pertaining to use of summonses.

United States v. Powell 379 U.S. 48, 57-58 (1964). As the Supreme Court explained:

[T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a

>legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed...

The government bears the burden of satisfying all four prongs of the Powell test. Id. at 57. Unless the summoned party produces evidence to the contrary, the government can generally carry its burden on these issues by simply submitting an affidavit from the revenue agent who issued the summons attesting to the fact that the above requirements have been met. United States v. Garden State National Bank, 607 F.2d 61, 68 (3d Cir 1979). The Tenth Circuit has characterized the burden on the Commissioner as follows: "The burden is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." United States v. Balanced Financial Management, 769 F.2d 1440, 1443 (10th Cir. 1985). Once the government has made a preliminary showing, the burden then shifts to the summoned to demonstrate that the summons was issued in bad faith or for an improper motive and that judicial enforcement of the summons would constitute an abuse of the court's process. Powell, 379 U.S. at 58; United States v. Davey, 543 F.2d 996, 1000 (2d Cir. 1976).

Applying these standards to the present case, it is clear that the summons is valid. The summons was issued during the Service's examination of the Petitioner undertaken by the Internal Revenue

Service in the normal course of its operations. The records and information sought are relevant to that examination as they would tend to provide information concerning Petitioner's gross income for the years at issue.

With respect to Petitioner's argument that the Service is violating her husband's First Amendment rights and abusing its summons power, Petitioner does not have standing to raise such an issue on behalf of her husband. Moreover, even if the Petitioner did have standing with respect to her First Amendment claim, she has the burden of establishing <u>prima facie</u> that the government's selection of her for investigation has been "invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent [her] exercise of constitutional rights." <u>See</u> <u>St. German of Alaska Eastern Orthodox Catholic Church v. United States</u>, 840 F.2d 1087, 1095 (2d Cir. 1988).

The information sought in the summonses was not already in the possession of the Service (Exhibit 1 Declaration, Paragraph 6). Moreover the Service has complied with the procedural requirements governing the summons as it served the summons to the third party entity and provided timely notice of such service to the Petitioner. I.R.C. §§ 7603(a), 7609(a)(1).

Petitioner's remaining arguments also lack merit. I.R.C. § 6065, Verification of Returns, does not apply to summonses; the Service complied with the provisions of I.R.C. § 7603(a), Service

of Summons, as evidenced by the summons, including the attestation requirements of <u>Mimick v. United States</u>, 952 F.2d 230 (8th Cir. 1991); and the Service is not subject to the provisions of 12 U.S.C. §§ 3403 and 3405 (The Right to Financial Privacy Act). <u>See</u> section 3413(C) of the Act; <u>Lidas, Inc. V. United States</u>, 238 F.3d 1076 (9th Cir. 2001).

The burden is on the Petitioner to establish a valid defense to a summons or otherwise the petition will be subject to dismissal for failure to state a claim. <u>Cosme v. IRS</u>, 708 F.Supp. 45 (E.D.N.Y. 1989); <u>Jungles v. United States</u>, 634 F.Supp. 585 (N. Ill. 1986). The Petitioner's allegations are insufficient to establish a defense to the summons.

Wherefore, it is respectfully requested that the petition to quash summons be denied and that an Order of enforcement of the third party summons be entered.

| | |
|---|---|
| Dated: September 3, 2008<br>         Miami, Florida | Respectfully submitted,<br><br>R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br><br><br>By:    *s/Maureen Donlan*<br>       Maureen Donlan<br>       Assistant U.S. Attorney<br>       Fla. Bar No. 298034<br>       Email: <u>maureen.donlan@usdoj.gov</u><br>       99 N.E. 4th Street, Suite 300<br>       Miami, Florida 33132<br>       Tel: (305) 961-9334<br>       Fax: (305) 530-7139 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2008, I electronically filed the foregoing document Respondent's Response to Petition to Quash Summonses with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served today by Federal Express to those counsel and/or parties who are not authorized to receive or did not receive the electronically Notice of Electronic Filing as noted on the attached service list.

                            _s/MaureenDonlan_
                            Maureen Donlan
                            Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60823-MC-SEITZ/O'SULLIVAN

**SERVICE LIST**

April Mottahedeh
9582 Buttemere Road
Phelan, California 92371