UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60823-MC-SEITZ/O'SULLIVAN

APRIL MOTTAHEDEH,

    Petitioner,
v.

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE, and
CHRISTINE THAI, Revenue Agent, IRS,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the petitioner's Amended Petition to Quash Internal Revenue Third Party Summons (DE# 14, 10/3/08) (sealed) pursuant to an order of reference entered by the Honorable Patricia A. Seitz, United States District Judge. (DE# 4, 8/5/08). Having reviewed the filings and exhibits and having heard testimony from the parties at an evidentiary hearing, the undersigned respectfully recommends that the petitioner's Amended Petition to Quash Internal Revenue Third Party Summons (DE# 14, 10/3/08) (sealed) be **DENIED** as more fully discussed below.

After hearing argument, the undersigned denied the petitioner's Motion for Continuance of Hearing Date (DE# 19, 2/3/09), which he received and reviewed on February 4, 2009, the morning of the scheduled evidentiary hearing, and which was filed after the government incurred the expense of having two witnesses travel to Miami to give testimony at the evidentiary hearing. The undersigned also denied the petitioner's *ore tenus* motions for leave to further brief her amended petition and/or for leave to further amend her amended petition (2/4/09).

**BACKGROUND**

As part of an investigation into the petitioner's tax liability for the taxable years 2001 through 2006, IRS Revenue Agent Christiane Thai issued a summons on May 12, 2008, to Eastern Financial Florida Credit Union.[1] The summons requested information such as bank account statements and deposit slips. Agent Thai sought this information to determine the petitioner's individual tax liability for the tax years in question. See Declaration of Christiane Thai  (DE# 16-2 at 8, 10/21/08).

On June 2, 2008, pursuant to 26 U.S.C. § 7609(h), the petitioner filed a Petition to Quash Internal Revenue Service Third Party Summons served upon Eastern Financial Florida Credit Union in this Court. (DE# 1, 6/2/08).  On October 3, 2008, pursuant to 26 U.S.C. § 7609(h), the petitioner filed an Amended Petition to Quash Internal Revenue Service Third Party Summons (DE# 14) (sealed).  The government filed the Respondent's Response to Amended Petition to Quash.  (DE# 15, 10/20/08) Additionally, the government filed the Declaration of John R. Black, Internal Revenue Officer (DE# 15-4, Ex. 3, 10/20/08) and the Declaration of Christiane Thai, Internal Revenue Agent (DE# 16-2, Ex. 1, 10/21/08) in support of its response.

On February 4, 2009, the undersigned conducted an evidentiary hearing.  The petitioner appeared telephonically without an attorney.  She and her husband, Peymon Mottahedeh, testified telephonically in support of her petition.  Mr. Black and Ms. Thai testified in Court on behalf of the government.

**ANALYSIS**

The petitioner argues that the subject summons must be quashed because (1)

---

[1] Eastern Financial Florida Credit Union is a third party record keeper pursuant to 26 U.S.C. § 7603(b)(2).

the summons was issued in bad faith for the improper purpose of violating her and her husband's First Amendment rights; and (2) the IRS had possession of the material requested in the subject summons. See Amended Petition to Quash Internal Revenue Third Party Summons. (DE# 14 at ¶ 45 n.1, 10/1/08) (sealed). The government requests that the Court deny the amended petition to quash the summons and seeks issuance of an order of enforcement of third party summons. (DE# 15, 10/20/08)

**A.  SECOND AMENDED PETITION TO QUASH THIRD PARTY SUMMONS**

Pursuant to 26 U.S.C. § 7602, the IRS has broad power to issue administrative summonses to examine any books, papers, records or other data that may be relevant or material to an inquiry concerning compliance with the internal revenue laws. La Mura v. United States, 765 F.2d 974, 979 (11th Cir.1985).

In order to establish a prima facie case for enforcement, the government must show: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to that purpose; (3) that the information sought is not already within the IRS' possession and (4) that the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); see also, e.g., United States v. Morse, 532 F.3d 1130 (11th Cir. 2008); United States v. Leventhal, 961 F.2d 936, 939 (11th Cir.1992).[2]

"The [government] can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.... Thereafter,

---

[2] Here, the government must establish the Powell elements because it seeks enforcement of the subject summons. Ordinarily, where the government seeks to dismiss a petition to quash but does not seek enforcement of a summons, "the burden shifts immediately to the petitioner to establish a valid defense to the summons." Knauss v. United States, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998)(citing Cosme v. Internal Revenue Service, 708 F. Supp. 45, 48 (E.D. N.Y. 1989)).

the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." La Mura, 765 F.2d at 979-80; see also, e.g., Leventhal, 961 F.2d at 939-40; United States v. Morse, 532 F.3d 1130 (11th Cir. 2008). "The burden on the contesting party is a heavy one, requiring allegation of specific facts and introduction of evidence." Leventhal, 961 F.2d at 940 (internal citations and quotations omitted). "The net result is that some minimal inquiry into matters underlying an IRS summons is permitted, but that inquiry will be limited solely to the four Powell elements, and may not be used as a forum to challenge the validity of an assessment." Panton v. United States, 780 F. Supp. 797, 801 (S.D. Fla. 1991).

### 1. Investigation Conducted Pursuant to a Legitimate Purpose

Section 7602 authorizes the IRS to summon certain persons and data "[f]or the purpose of ... determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a).  During the evidentiary hearing and in her declaration, Agent Thai stated that she issued the subject summons to determine the petitioner's federal income tax liabilities for the years at issue, which is a proper purpose for issuing a summons.  See Declaration of Christiane Thai (DE# 16-2 at ¶ 1-2, 10/21/08). Agent Thai further stated that the IRS has not made a criminal referral to the Department of Justice regarding the petitioner for the time periods under investigation. Id. at ¶ 9.

The petitioner argues that the government cannot satisfy this first Powell element because the summons was issued in bad faith for an improper purpose, to chill the petitioner's and her husband's right of freedom of speech afforded by the First Amendment of the United States Constitution.  Amended Petition, ¶¶ 14 - 30 (DE# 14,

4

10/3/08). In its response, the government challenges the petitioner's standing to assert that constitutional violations on her own behalf and that of her husband. The government argues that "even if the Petitioner did have standing with respect to her First Amendment claim, she has the burden of establishing prima facie that the government's selection of her for investigation has been 'invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent [her] exercise of constitutional rights.'" Government Response at 5 (DE# 15, 10/20/08) (quoting St. German of Alaska Eastern Orthodox Catholic Church v. United States, 840 F.2d 1087, 1095 (2d Cir. 1988)).

    The government has established a proper purpose for issuing the subject summons under Powell. The petitioner has failed to refute the legitimate purpose of investigating her tax liability for the subject years. "[Section] 7601 [of Title 26 of the Internal Revenue Code] gives the IRS a broad mandate to investigate and audit 'persons who maybe be liable' for taxes and § 7601 provides the power to 'examine any books, papers, records, or other data which may be relevant ... [and to summon] any person having possession ... of books of account ... relevant or material to such inquiry....'" LaMura, 765 F.2d at 979 (quoting 26 U.S.C. §§ 7601, 7602).

    In La Mura, the Eleventh Circuit found that the District Court's finding that the summonses were issued to the bank and the telephone company for an improper purpose was clearly erroneous. In La Mura, the petitioner argued that the IRS' improper purpose was to "coerce [him] and others similarly situated to settle a collateral matter." La Mura, 765 F.2d at 981 (quoting the petition). In La Mura's affidavit, he asserted that as a result of the ongoing criminal investigation of himself and other members of the Universal Life Church, he was 'fearful of claiming further charitable

contributions [to the church] for the year 1982 and thereafter.'" Id.  The Eleventh Circuit explained that

> Arguably, one might construe this statement as implying that the IRS was conducting its investigation simply to discourage La Mura from making further contributions to the church.
> In our view, that La Mura might have been hesitant to claim as charitable deductions further contributions to the Universal Life Church did not yield the inference that the IRS was investigating La Mura for the purpose of discouraging him from claiming such deductions in future tax years.  That this might be the effect, rather than the purpose, of the investigation is of no consequence.  Were we to hold otherwise, we would deprive the IRS of the ability to make a thorough inquiry into the propriety of a deduction.

Id.

Similarly, the petitioner's assertion that the purpose of the investigation is to chill her from exercising free speech does not refute the IRS' testimony that the investigation is for the proper purpose of determining her tax liability for the years 2001 through 2006.  The undersigned finds that the government has met the first Powell element.

### 2.     Inquiry May Be Relevant to the Purpose

The government has also shown that the information sought in the summons may be relevant to determining the petitioner's tax liability. "The standard for relevance is whether the information sought might have thrown light upon the matter being investigated." Benistar 419 Plan Services, Inc. v. United States, 44 F. App'x 902, 903 (2d Cir. 2005) (internal citation and quotations omitted); see Arnold v. United States, 635 F. Supp. 88, 89 (M.D. Fla. 1986) (Agreeing with the IRS, the district court explained that "as long as there is a legitimate purpose for the investigation, such as determining tax liability, any documents useful in determining tax liability are relevant) (citation omitted).  "[T]he relevancy requirement is considerably less than the relevance required by Fed. R. Evid. 401.  The IRS may issue summonses for documents that are even

6

*potentially* relevant to an ongoing investigation." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (emphasis in original).   Here, the subject summons seeks information such as bank account statements and deposit slips. The information sought by the subject summons may be relevant to determining the petitioner's tax liability. Accordingly, the government has satisfied this element.

### 3. Information Sought Is Not Already in the IRS' Possession

In support of the third element, Agent Thai testified during the hearing and stated in her declaration that the information sought by the subject summons was not in the IRS' possession. See Declaration of Christiane Thai (DE# 16-2, Ex. 1 at ¶ 5, 10/21/08). Agent Thai testified that she received copies of certain documents relevant to her investigation of the petitioner from John Black, the IRS Officer assigned to the collection of the tax assessment against the petitioner's husband, Peymon Mottahedeh.   Officer Black did not have the information requested in the subject summons.  See Declaration of John Black (DE# 15-4, Ex. 3, 10/20/08).  During the hearing, Mr. Black testified that the taxpayer, Peymon Mottahedeh, was not entitled to notice of summons issued as part of the collection of his tax liability.  The petitioner claims that the documents sought by the subject summons are already in the possession of the IRS but has proffered no evidence that the IRS has the specific documents requested by the subject summons. Thus, the petitioner has failed to disprove Agent Thai's declaration and testimony.  The government has satisfied this element of the Powell inquiry.

### 4. The Administrative Steps Required by the Internal Revenue Code Were Followed

The proper administrative steps for notice to the taxpayer of a third party summons are set forth in 26 U.S.C. §§ 7603(b)(1) and 7609(a)(1). Based on the testimony and declaration of Agent Thai, the government has satisfied this Powell

7

element. See Declaration of Christiane Thai (DE# 16-2, Ex. 1 at ¶ 7, 10/21/08). Agent Thai also stated that there is no Justice Department referral regarding the petitioner. Id. at ¶ 9.

## CONCLUSION

For the reasons stated above, the undersigned specifically finds that the government has demonstrated that the investigation of the petitioner is being conducted pursuant to a legitimate purpose, the inquiry may be relevant to that purpose, the information sought is not already within the possession of the IRS and the required administrative steps have been followed. The government has met its burden under Powell. The petitioner has failed to refute the government's prima facie case or shown that the enforcement of the subject summons would constitute an abuse of the court's process. It is respectfully recommended that the petitioner's Amended Petition to Quash Internal Revenue Third Party Summons (DE# 14, 10/3/08) (sealed) be **DENIED**.

## RECOMMENDATION

It is recommended that the petitioner's Amended Petition to Quash Internal Revenue Third Party Summons (DE# 14, 10/3/08) (sealed) be **DENIED**. Pursuant to 28 U.S.C. §6 36(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge, within ten (10) days of receipt of a copy of this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); see also RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Miami, Florida, this **23rd** day of February, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

U.S. District Judge Seitz
All counsel of record

Copy mailed by Chambers to:

April Mottahedeh, *pro se*
9582 Buttemere Road
Phelan, CA 92371