April Mottahedeh
Peymon Mottahedeh
9582 Buttemere Road
Phelan, CA 92371
(760) 868-5834



FILED by_____ D.C.
JUN 1 5 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60823-MC- SEITZ / O'SULLIVAN

APRIL MOTTAHEDEH,
PEYMON MOTTAHEDEH,

       Petitioners,

       v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
CHRISTINE THAI,
ATRIUM HOTEL,
HILTON GARDEN INN – ATLANTA AIRPORT,
RADDISON HOTEL,
CROWNE PLAZA HOTEL,
HILTON HOTEL,
       Respondents.

_____/

**PETITIONER'S MOTION FOR CHANGE OF VENUE**

COME NOW April Mottahedeh and Peymon Mottahedeh, Petitioners *pro se* ( hereinafter, "APRIL" and "PEYMON" respectively, and "MOTTAHEDEHS" collectively) and hereby move this Court to TRANSFER this case to the United States District Court for the Central District of California, for the reasons indicated hereinafter.

This motion is filed concurrently with MOTTAHEDEHS' "Reply to United Sates Opposition to Motion for Leave to File a Second Amended Petition to Quash Third Party Summons."

The most obvious reason is, of course, is that both of the MOTTAHEDEHS' and Respondents are found within the Central District of California.

Internal Revenue Agent Thai ( hereinafter, "AGENT THAI"), who issued said summonses, as well as Revenue Agent Black, who testified at the February 4, 2009, hearing before the Magistrate, is also found within the Central District of California.

To date, the fact that this case was originally filed in this Court (due to the first party, the Eastern Financial Credit Union residing in this District), has already caused considerable inconvenience to the Government as the Magistrate noted in his Report and Recommendation:

> *"After hearing argument, the undersigned [Magistrate John H. O' Sullivan] denied the petitioner's Motion for Continuance of hearing date…the mourning of the scheduled evidentiary hearing, and which was filed after the government incurred the expense of having two witnesses travel to Miami [from California] to give testimony at the evidentiary hearing."*

The fact that AGEN THAI and Internal Revenue Service (hereinafter "IRS") Agent Black had to fly across the country from California to Florida demonstrates that venue is a problem here – even for the Government – a problem which this Court can remedy by accepting the Second Amended Petition of the MOTTAHEDEHS' and transferring the case to the Central District of California.

AGENT THAI issued a first party Summons to each of the MOTTAHEDEHS' on March 11, 2008, that for all the practical purposes, AGENT THAI has abandoned.

MOTTAHEDEHS responded in writing to the March 11, 2008 summonses on April 26, 2008. AGENT THAI has neither informed the MOTTAHEDEHS' that the March 11, 2008 Summonses of MOTTAHEDEHS has been satisfied, nor has AGENT THAI withdrawn the Summons that the MOTTAHEDEHS' allege was issued in bad faith and in violation of the MOTTAHEDEHS' First Amendment Rights. Any litigation that may take place regarding the March 11, 2008 Summonses would need to take place within the Central District of California.

On March 19, 2009, almost a month after the Magistrate issued his Report and Recommendation, AGENT THAI issued the five (5) Summonses to five (5) hotels across the USA that required the MOTTEHEDEHS' to file a petition to one or more District Courts to quash these Summonses. Of the said five (5) Summonses, one (1) is in Georgia, one (1) is in Virginia and three (3) are in California within the Central District of California. MOTTAHEDEHS' may have filed three (3) separate petitions to quash the above-mentioned Summonses; one (1) is Georgia, one (1) in Virginia and one (1) in the Central District of California. In addition, to the current Petitions, four (4) different petitions to quash actions would have existed in four (4) different District Courts of the United States. This would have resulted unnecessarily, multiplicative, expensive litigation for all the parties, the Courts and possibly contradictory curt opinion about these related summonses.

Insofar as the Summoned Hotels are concerned, they are merely custodians of the records that the Respondent's seek: the Summoned Hotels and their Summoned Records are throughout the entire United State; and three (3) of them are within the Central District of California. The Summoned Hotels are essentially innocent bystanders and should not object to transferring this matter, in that they do not actually participate in any of these proceedings. Their role is merely to turn over the records that the Respondents seek – or not turn over – as the District Court may direct. It shall never be necessary for Hotels to give their testimony or make any appearances in Court. Consolidating this matter and transferring it to the United States District Court for the District of California would be a transfer to the forum that is most convenient to all

parties and witnesses and is best suited to efficiently and expeditiously administer consistent justice.

These Summonses, as the second Amended Petition shows are factually very much intertwined since they all are encroaching on the First Amended Rights of the MOTTAHEDEHS. All of the summonses ought to be heard by one (1) Court. That Court is the Central District of California, where AGENT THAI, the MOTTAHEDEHS' and the greatest number of the Hotels or third party record-keepers (three (3) out of six (6) Third Party Recordkeepers) are found or located.

It is important to note that it was Respondent's AGENT THAI who issued five (5) Summonses to the Hotels in March of 2009y which caused the need for the MOTTAHEDEHS' to file a Second Amended Petition with this Court. This was not an action that the MOTTAHEDEHS' took, but that of Respondent's Agent. Therefore, it was the Respondent whose action made the need for the MOTTAHEDEHS' filing the Second Amended Petition and this Motion for Change of Venue by MOTTAHEDEHS.

The Statutory Authority for such change of Venue is found in four (4) various Codes: <u>28 U.SC. § 1631 and 28 U.S.C. §§ 1402, 1404 and 1406</u>.

Title 28 U.S.C. § 1631 provides in relevant part:

<u>§ 1631. Transfer to cure want of jurisdiction</u>

*Whenever a civil action is filed in a court...,* ***if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed,*** *and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the upon which it was actuall filed in or noticed for the court from which it is transferred.* [Emphasis added]

28 U.S.C. § 1402 provides in relevant part:

<u>§ 1402 United States as defendant</u>
(a) *Any civil action in a district court against the United States under subsection*
  (a) *of section 1346 of this title may be prosecuted only:*
    (1) *Except as provided in paragraph (2),* ***in the judicial district where the plaintiff resides:***

> *(2) ... Notwithstanding the foregoing provisions of this paragraph a district court, **for the convenience of the parties and witnesses, in the interest of justice**, may transfer any such action to any other district or division.*
> [Emphasis Added]

28 U.S.C. §§ 1404 provides in relevant part:

> <u>Sec. 1404. Change of Venue</u>
> *(a) For the **convenience of parties and witnesses, in the interest of justice**, a district court may transfer any civil action to any other district or division where it might have been brought.* [Emphasis added]

28 U.S.C. §§ 1406 provides in relevant part:

> <u>Sec. 1406. Cure or waiver of defects</u>
>
> *(a) The district court of a district in which is filed a case laying venue on the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.* [Emphasis added]

Clearly filing multiple petitions to quash IRS summonses in multiple District Court scattered around USA was not a simple matter for the MOTTAHEDEHS' to file. MOTTAHEDEHS had only a very small window of opportunity – twenty days – to petition whichever District Court(s) were the proper Court to quash the improper IRS administrative Summonses. Twenty days is a very brief period of time within which to file such petitions. As Such, denying transfer of this matter to the Central District of California may have the effect of denying the MOTTAHEDEHS' their remedy entirely. That result would not be consistent with the intent of Congress.

In addition to Congress, our Courts have long recognized the *"interest of justice"* doctrine which provides the aforementioned transfer of venue provisions. For instance, in *Crowe v. Paragon Relocation Res.,* 506 F. Supp. 2d 1113 (2007), in the Northern District of Florida determined:

> *"Where court lacked personal jurisdiction over employer for age discrimination action, transfer for convenience of witnesses and parties under <u>28 USCS § 1404</u> was not authorized because it was not consideration; however, transfer for interest of justice was appropriate under <u>28 USCS § 1631</u> because dismissal*

*would likely have resulted in applicant being barred from refilling due to statutory 90-day filing period.* [Emphasis added]

MOTTAHEDEDS' called the counsel of the Respondent and Respondent opposed the granting of this Motion, but declined to state to the MOTTAHEDEHS the reasons for Respondent's opposition. This is surprising, since it was Respondent's Counsel who, without notifying the MOTTAHEDEHS' that Respondent had flown AGEN THAI and IRS Agent Black from California to this court to testify at the hearing which was before the Magistrate on February 4, 2009,, argued that APRIL should not be allowed to amend her Petition because granting APRIL the opportunity to amend APRIL'S Petition would create a waste of the Respondent's funds for having to fly these IRS Agents from California to Florida once again.

The Magistrate noted this in the first page of his Report and Recommendation by stating that "*The government incurred the expense of having two witnesses travel to Miami to give testimony at the evidentiary hearing.*" Clearly these five (5) Summonses that AGENT THAI has issued about the MOTTAHEDEHS' will require further testimony of the Respondent's IRS AGENT THAI and likely other IRS Agents that are almost certainly located in California where the MOTTAHDEHS' have resided since 2001, to determine whether these Summonses were issued in bad faith in violations of the MOTTAHEDEHS' First Amendment Rights as alleged in the Second Amended Petition.

## CONCLUSION

The Court should accept the Second Amended Petition of the MOTTAHEDEHS' and the TRANSFER this action to the United States District Court for the Central District of California, the forum which serves the convenient to all parties and witnesses and facilitate efficient administration of justice.

WHEREFORE, MOTTAHEDEHS' pray this Court will TRANSFER this action in it's entirety to the:

///

///

U.S. District Court for the Central District of California
255 East Temple Street
Los Angeles, CA 90012

Respectfully submitted this 12th day of June, 2009:

April Mottahedeh, *Pro Per*
9582 Buttemere Road
Phelan, CA 92371
(760) 868-5834

Peymon Mottahedeh, *Pro Per*
9582 Buttemere Road
Phelan, CA 92371
(760) 868-5834

## CERTIFICATE OF SERIVCE

I, Peymon Mottahedeh, a Citizen of the State of California, who is over the age of 21, do hereby certify that on June 12, 2009, I served:

**PETITIONERS' MOTION FOR CHANGE OF VENUE**
In the case of

**April Mottahedeh, et al. v. United States of America, et al.**

**Case No. 08-60823-MC-SEITZ / O'SULLIVAN**

Postage being paid in full via the United States Postal Service by First Class Mail on the service listed below:

Service list:
1) Maureen Donlan, Assistant U.S. Attorney, 99 N.E. 4th Street, Suite 300 Miami, FL 33132,
2) Eastern Financial Florida Credit Union 3700 Lakeside Drive, Miramar, Florida 33027,
3) Atrium Hotel 18700 MacArthur Blvd., Irvine, CA 92612,
4) Hilton Garden Inn – Atlanta Airport/ Millenium Center 2301 Sullivan Road, College Park, Georgia 30337,
5) The Radisson Hotel 4545 MacArthur Blvd., Newport Beach, CA 92660,
6) Crowne Plaza Hotel 17941 Von Karmen Avenue, Irvine, CA 92614,
7) Hilton Hotel 5000 Seminary Road, Alexandria, VA 22331.

*Peymon Mottahedeh*
Peymon Mottahedeh
9582 Buttemere Road
Phelan, CA 92371