FILED by H D.C.

APR 0 5 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 28, 2011

Steven M. Larimore
United States District Court
400 N MIAMI AVE
Miami, FL 33128-1807

Appeal Number: 10-12510-EE
Case Style: April Mottahedeh v. USA, et al
District Court Docket No: 0:08-mc-60823-PAS

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court, also enclosed are the following: one Bill of Costs, two volumes of record on appeal, one folder of exhibits and one envelope of exhibits.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: James O. Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

No. 10-12510

District Court Docket No.
0:08-mc-60823-PAS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2011
JOHN LEY
CLERK

APRIL MOTTAHEDEH,

       Plaintiff - Appellant,

PEYMON MOTTAHEDEH,

       Plaintiff,

versus

USA,
INTERNAL REVENUE SERVICE,
CHRISTINE THAI,
Revenue Agent, IRS,

       Defendants - Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court for the
Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 2 8 2011
U.S. COURT OF APPEALS
ATLANTA GA

Entered: January 31, 2011
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-12510
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:08-mc-60823-PAS

APRIL MOTTAHEDEH,

Plaintiff-Appellant,

PEYMON MOTTAHEDEH,

Plaintiff,

versus

USA,
INTERNAL REVENUE SERVICE,
CHRISTINE THAI,
Revenue Agent, IRS,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————

(January 31, 2011)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

April Mottahedeh, proceeding pro se, appeals from the district court's order denying her amended petition to quash an Internal Revenue Service ("IRS") third-party summons issued to her Florida credit union. She also appeals the district court's subsequent order denying her motion for leave to file a second amended petition and her motion for a change of venue.

We review for clear error the district court's enforcement of an IRS summons. Nero Trading, LLC v. U.S. Dep't of Treasury, Internal Revenue Serv., 570 F.3d 1244, 1248 (11th Cir. 2009). We review for abuse of discretion the district court's denial of a motion to file an amended pleading, Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), and a motion for a change of venue, Palmer v. Braun, 376 F.3d 1254, 1257 (11th Cir. 2004).

The IRS is statutorily authorized to examine any books, papers, records, or other data which may be relevant or material to determine the correctness of a tax return or the liability of a taxpayer. 26 U.S.C. § 7602(a)(1). Thus, the IRS may issue a summons to either the person liable for the tax or any third party "having possession, custody, or care of books of account containing entries relating to the business of the person liable for" the tax. Id. § 7602(a)(2). The IRS's power to so

2

investigate is broad and expansive.  La Mura v. United States, 765 F.2d 974, 979

(11th Cir. 1985).

Nonetheless, any individual named in a third-party summons is entitled to

notice and may petition to quash the summons.  26 U.S.C. § 7609(a)-(b).  In that

case:

> [t]o obtain enforcement of a summons, the IRS must demonstrate (1)
> that the investigation will be conducted pursuant to a legitimate
> purpose, (2) that the inquiry will be relevant to that purpose, (3) that
> the information sought is not already in the IRS' possession and, (4)
> that it has taken the administrative steps necessary to the issuance of a
> summons.

La Mura, 765 F.2d at 979 (citing United States v. Powell, 379 U.S. 48, 57-59

(1964)).  "The IRS can satisfy this burden merely by presenting the sworn affidavit

of the agent who issued the summons attesting to these facts."  La Mura, 765 F.2d

at 979.  If the IRS meets its burden, "the burden shifts to the party contesting the

summons to disprove one of the four elements of the government's prima facie

showing or convince the court that enforcement of the summons would constitute

an abuse of the court's process."  Id. at 979-80.

In this case, the district court did not clearly err by enforcing the summons.

The government established a prima facie case through the declaration and

testimony of IRS agent Christine Thai.  Thus, the burden shifted to Mottahedeh to

3

disprove an element of the government's <u>prima facie</u> case. She failed to do so. Although she argues that the summons was an improper attempt to investigate her husband and deter them from exercising their right to free speech, she presented no evidence to rebut Thai's testimony that the purpose of the summons was to investigate Mottahedeh's tax liability. <u>See id.</u> at 980-81. Furthermore, Mottahedeh argues that other summonses issued by the IRS were procedurally improper, but she has failed to show that there was any such defect with respect to the summons at issue in this case. In this regard, the district court did not abuse its discretion by denying Mottahedeh's motion to file a second amended petition, as she was not attempting to rebut the government's <u>prima facie</u> case with respect to the summons at issue. We further find no abuse of discretion in the district court's denial of her motion for a change of venue. Accordingly, we affirm.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By _____
Deputy Clerk
Atlanta, Georgia

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

April Mottahedeh,

_____
                              Appellant

vs.                                          Case No. ___10-12510___

United States of America, et al._____
                              Appellee

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

FEB 1 4 2011

JOHN LEY
CLERK
```

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy (\$.15 per copy for "In-House", up to \$.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellees' Brief | X | | 99 | 9 @ \$ .06 | 891 | \$ 53.46 | **53.46** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| * Note: If reproduction was done commercially, receipt(s) must be attached. | | | | **TOTAL** | | \$ 53.46 REQUESTED | \$ **53.46** ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date signed: ___2/11/2011___                    Signature: _____

Attorney for:   United States of America, et al., Appellees_____
                (Type or print name of client)

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of \$ _____53.46_____ against _____Appellant_____

and are payable directly to _____ _____Appellee_____

Thomas K. Kahn, Clerk

Issued on:   **MAR 2 8 2011**          By: _____
                                            Deputy Clerk

```
A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
    Deputy Clerk
    Atlanta, Georgia
```